UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHRISTOPHER L. AYERS,

                                        Plaintiff,

            v.                                                    9:20-CV-0069
                                                                  (TJM/ATB)

GREAT MEADOW CORRECTIONAL
FACILITY,

                                        Defendant.

_____

APPEARANCES:

CHRISTOPHER L. AYERS
Plaintiff, pro se
97-A-1592
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

        The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff

Christopher Ayers asserting claims pursuant to 42 U.S.C. § 1983, together with a second

application to proceed in forma pauperis ("IFP").  Dkt. No. 2 ("Compl."); Dkt. No. 11 ("Second

IFP Application").  Plaintiff, who is incarcerated at Sullivan Correctional Facility, has not paid

the required filing fee for this action.

## II.    PROCEDURAL HISTORY

This action was originally commenced in the Southern District of New York, together
with an application to proceed IFP.  On January 13, 2020, the Honorable Colleen McMahon
of the Southern District of New York issued an Order transferring the action to the Northern
District of New York, and reserved decision on the sufficiency plaintiff's initial application to
proceed IFP for this Court.  Dkt. No. 4.[1]  Transfer to this District was completed on January
21, 2020.  Dkt. No. 5.[2]

By Order dated January 23, 2020, this Court, among other things, denied plaintiff's
initial IFP application as incomplete and directed the Clerk to administratively close the case
based on plaintiff's failure to comply with the filing fee requirement.  Dkt. No. 6 ("January
2020 Order").  Plaintiff was advised that if he desired to proceed with the action, he needed
to do one of the following within thirty (30) days: (1) pay the Court's filing fee of four hundred
dollars ($400.00) in full; (2) submit a completed, signed, and certified IFP application; or (3)
submit certified account statements in lieu of the completed certificate portion of the IFP
application.  *Id*. at 2-3.

In lieu of paying the filing fee, plaintiff filed the Second IFP Application on March 30,
2020.  Dkt. No. 11 ("Second IFP Application").[3]  In light of plaintiff's submission, the Clerk

---

[1]  On January 15, 2020, an earlier action filed by plaintiff was transferred in to this District from the
Southern District of New York.  *See Ayers v. Great Meadow Correctional Facility*, 9:20-CV-0051 (GTS/TWD),
Dkt. No. 5 (N.D.N.Y. Jan. 15, 2020) ("*Ayers I*").

[2]  On January 21, 2020, a separate action filed by plaintiff was also transferred in to this District from the
Southern District of New York.  *See Ayers v. Great Meadow Correctional Facility*, 9:20-CV-0068 (DNH/CFH),
Dkt. No. 5 (N.D.N.Y. Jan. 21, 2020) ("*Ayers II*").

[3]  Although plaintiff has three actions pending in this District and failed to file a proper IFP application
with his complaint in any of those actions, he filed only one IFP application on March 30, 2020, which did not
bear a case number.  As a result, the Second IFP application was also docketed in *Ayers I* and *Ayers II*.  *See*
(continued...)

2

was directed to reopen this action and restore it to the Court's active docket.  Dkt. No. 12.

Thereafter, plaintiff also filed a letter he received from an official from the New York State

Department of Corrections and Community Supervision ("DOCCS") regarding his inmate

account statements, as well as a letter explaining his efforts to obtain his account

statements.  *See* Dkt. No. 13 ("DOCCS Letter"); Dkt. No. 14 ("Ayers Letter").

By Decision and Order filed on April 3, 2020, the Court denied the Second IFP

Application because the submission was neither certified nor accompanied by copies of

plaintiff's inmate account statement (or institutional equivalent) for the 6-month period

immediately preceding the filing of the complaint.  *See* Dkt. No. 15 ("April 2020 Order").

However, in light of the DOCCS Letter, the Ayers Letter, and plaintiff's pro se status, the

Court afforded plaintiff a final opportunity to do one of the following within thirty (30) days: (1)

submit an IFP application completed and signed by plaintiff in the appropriate locations, with

the Certificate section completed and signed by an appropriate official at plaintiff's facility; (2)

submit an inmate account statement (or institutional equivalent) for the 6-month period

immediately preceding the filing of the complaint; or (3) pay the $400.00 filing fee in full.  *Id.*

at 3-4.[4]

Thereafter, plaintiff filed a series of letters and affidavits, along with inmate account

statements.  *See* Dkt. Nos. 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33.

---

[3](...continued)
*Ayers I*, Dkt. No. 17; *Ayers II*, Dkt. No. 11.

[4]  Plaintiff was also advised that any future submissions that he wishes to have filed in this action must
bear the case number associated with this action, and that the Clerk is not required to docket one submission in
each of his three pending cases.  *See* April 2020 Order at 2 n.4.

III.     **IFP APPLICATION**

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[5] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

After carefully reviewing the Second IFP Application, the Court finds that plaintiff has demonstrated sufficient economic need to proceed in forma pauperis, under the circumstances.  However, for the reasons discussed below, the Second IFP Application is denied as moot.

IV.     **SUFFICIENCY OF THE COMPLAINT**

A.     **Governing Legal Standard**

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

[5]  Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

1915(e)(2)(B).[6]  Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis.  *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

---

[6]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. (internal quotation marks and alterations omitted).

When conducting a review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court may also consider whether the claims asserted by the plaintiff are duplicative of claims asserted in another action against the same defendants.  "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid

6

duplicative litigation.").

The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).[7]  The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir. 1991).  The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion.  *Lopez v. Ferguson*, 361 Fed. App'x 225, 226 (2d Cir. 2010) (finding that the district court did not abuse its discretion when it dismissed an action as duplicative of a pending class action as to which plaintiff fell within the certified class).  As the Second Circuit recognized in *Curtis*, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138-39 (citing *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980)).[8]

Moreover, the dismissal of an in forma pauperis complaint as duplicative may also arise within the ambit of the court's power to dismiss a complaint which is frivolous or malicious pursuant to Section 1915(e).  *See*, *e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[R]epetitious litigation of virtually identical causes of action is subject to

---

[7]  For example, the Second Circuit has affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*, 24 Fed. App'x. 26, 28 (2d Cir. 2001).

[8]  As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (*quoting Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)) (alteration in original).

dismissal under 28 U.S.C. § 1915(d)[9] as malicious.") (*quoting Robinson v. Woodfork*, 834 F.2d 1023 (5th Cir. 1987)); *Buckenberger v. Reed*, No. 10-CV-856, 2010 WL 1552672, at *1 (E.D. La. Mar. 16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Williams v. Bunn*, No. 06-CV-0466, 2007 WL 1703816, at *2 (W.D.N.Y. Jun. 7, 2007) (dismissing religious claim with prejudice because it was repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934, at *1 (E.D. Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen*, No. 95-CV-2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul. 11, 1995) (directing dismissal of repetitious litigation as abusive and malicious).[10]

In determining whether actions are duplicative, "[c]ourts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn*, 2006 WL 2160934, at *3.

## B.   Summary of the Complaint

Plaintiff asserts allegations of wrongdoing that occurred while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F.").  *See generally* Compl.  The complaint is sparse and largely incomprehensible.  The following facts are set forth as alleged by plaintiff in his complaint.

---

[9]  28 U.S.C. § 1915(d) was amended and recodified in 1996 as Section 1915(e).

[10]  *See also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (citation omitted).

"Coming back from the messhall, the officer McFerrin pushed [plaintiff] into the wall." Compl. at 2.  Plaintiff "asked if the body camera was on[.]"  *Id*.  The officer "told [plaintiff] he wanted to kill [him.]"  *Id*. at 3.  Corrections Officer Richard Miller, the son of the Superintendent of Great Meadow Correctional Facility, and Corrections Lieutenant Scarlotta "told officers to handcuff [plaintiff.]"  *Id*.  These officers then "brought [plaintiff] to [a] seclude[d] area and punched [him] in [the] face."  *Id*.

Apparently during the use of force incident, the officers "touch[ed] [plaintiff's] genitalia."  Compl. at 3.  As a result of the use of force incident, plaintiff suffered "stretch marks" and "bruises."  *Id*.

The complaint names only Great Meadow Correctional Facility as a defendant.  *See* Compl. at 1.

Construing the complaint with the utmost liberality, it appears plaintiff intends to assert Eighth Amendment excessive force and failure-to-protect claims against Great Meadow Correctional Facility based on the alleged wrongdoing of certain non-party officials.

Plaintiff seeks money damages.  Compl. at 5.  For a complete statement of plaintiff's claims, reference is made to the complaint.

### C.   Analysis

As stated, a court reviewing a complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A may properly consider whether the claims asserted by the plaintiff are duplicative of claims asserted in another action.  In managing the litigation in its court, there are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation.  *Curtis*, 226 F.3d at 138.

At the time plaintiff commenced this action, he had already filed *Ayers I*, which remains pending in this District.  Recently, the Honorable Glenn T. Suddaby construed the complaint in that case to assert Eighth Amendment excessive force and failure-to-protect claims against Great Meadow Correctional Facility, Corrections Lieutenant Scarlotta, Corrections Officer Richard Miller, and others, based on allegations that plaintiff was placed in handcuffs and subjected to force by two unidentified officials, and dismissed those claims without prejudice and with leave to amend.  *See Ayers I*, Dkt. No. 34.

As in this case, the complaint in *Ayers I* is similarly vague.  *Compare Ayers I*, Dkt. No. 2 *with* Compl.  However, based on the similarity of the limited allegations that do exist in both pleadings, it is clear that the use of force events described in *Ayers I* are the same as the use of force events described in the complaint in this action.  In addition, plaintiff has sued Great Meadow Correctional Facility in both actions.

Because plaintiff is complaining about the same conduct which gave rise to his Eighth Amendment claims in *Ayers I,* and has sued the same entity that is named as a defendant in that action, the Court concludes that dismissal of plaintiff's Eighth Amendment claims in this case without prejudice as duplicative and repetitive of plaintiff's claims in *Ayers I* is appropriate.  *See Curtis*, 226 F.3d at 138-39 (a plaintiff has no right "to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time.").

Accordingly, this action is dismissed as duplicative of *Ayers I*, which is still pending before Chief United States District Judge Glenn T. Suddaby.

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Second IFP Application (Dkt. No. 11) is **DENIED as moot**;

and it is further

**ORDERED** that this action is **DISMISSED without prejudice** as duplicative of *Ayers*

*v. Great Meadow Correctional Facility,* 9:20-CV-0051 (GTS/TWD), Dkt. 2 (N.D.N.Y. Jan. 15,

2020).  The Clerk is directed to close this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff.

**IT IS SO ORDERED.**

DATED:May 29, 2020

Thomas J. McAvoy
Senior, U.S. District Judge